CASE 32—PLEADING—JUNE 19, 1884.

# Harris, &c., v. The Merz Architectural Iron Works.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Cross-appellant, Buckley, pleads that defendant, Adeline Harris, is indebted to him in the sum of $1,177.40 for labor, material, &c.
2. Appellants deny that they, or either of them, are indebted to him, &c., &c.
3. They admit the labor and material, but say they paid him for it in full before the suit, &c., &c. *Held:*
4. That there is but one issue, and that is payment, and the burden of proof is upon appellants.

W. LINDSAY AND A. DUVALL FOR APPELLANTS.

1. The claim of the Architectural Works rests upon the ability of the appellee, Buckley, to maintain his judgment, unless the court shall

Harris, &c. v. The Merz Architectural Iron Warks.

be of opinion that appellant, Mrs. Harris, was indebted to Buckley at the time she was notified of the intention of the Architectural Works to rely upon its material mens' lien.

2. There being no express control averred or proved, it was competent to take the evidence of an expert as to the value of the work.

3. The proof authorizes the conclusion that Buckley has been fully paid.

JNO. & J. W. RODMAN FOR CROSS-APPELLANT BUCKLEY.

1. There is and can be but one issue in this case. Appellants admit the work set out in the petition, and say they paid him (Buckley) for it.

2. Therefore the only issue is that of payment, and payment being denied, it devolves upon appellants to prove it. This they have not done. Buckley in his cross-appeal is clearly entitled to the full amount claimed by him.

3. His account is proved, and no semblance of payment is shown. Gen. Stats., sec. 6, chap. 7; Civil Code, sec. 126; Harris v. Ray, 15 B. Mon., 628; Wood v. Wells, 2 Bush. 197; Frances v. Frances, 18 B. Mon., 57; 2 Met., 551; Miller v. Hall, 1 Bush, 232.

D. W. LINDSAY FOR MERZ ARCHITECTURAL WORKS.

1. The answer of appellants clearly admits that the work was done and materials furnished, but say they paid Buckley therefor. The only issue is payment, and the attempt of appellants to sustain the plea is a complete failure.

2. As to the alleged payment by appellants for Buckley, the proof is that if paid at all it was done voluntarily and without the consent or request of either Buckley or appellees. Searcy v. Reardon, 3 Bibb., 529; Gardner v. Towery, 3 Litt., 426; Lucas v. Mitchell, 3 Mar,, 247; Conway v. Bank U. S., 6 J. J. Mar., 132; Oder v. Elliott, 10 B. M., 315; Gen. Stats;, chap. 70, secs. 1, 5, and 6.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The first question to be considered is as to what issues are raised by the pleadings. Cross-appellant, Buckley, alleges "that defendant, Adaline Harris, is indebted to him in the sum of eleven hundred and seventy-seven dollars and forty cents for labor and material furnished to her at her special instance and request in making and putting in counters, tables, and shelving in her dry goods and clothing store."

To this appellants answer: "They deny that they or

either of them are now, or that they were on the filing of the original petition, or on the day of filing defendant Buckley's answer and cross-petition, indebted to him in the sum of eleven hundred and seventy-seven dollars and forty cents ($1,177.40), or in any sum whatever. They admit the work set out in the petition, but say that they paid him for it in full long before the institution of this suit."

Subsection 4 of section 126, Civil Code, is as follows: "Allegations concerning value or amount of damages, not accompanied by an allegation of an express promise, or by a statement of facts showing an implied promise to pay such value or damage, such allegations, so accompanied, need not be proved unless traversed."

The allegations of appellants' answer to the cross-petition as to payment being traversed by reply, what is the issue? Does the cross-petition of appellee, Buckley, contain "a statement of facts showing an implied promise" to pay the amount claimed? If it does contain such allegations, and we think it unquestionably does, there is no issue but that of payment. The cross-petition, accompanied by an itemized account, alleges an indebtedness of eleven hundred and seventy-seven dollars and forty cents for certain labor and material done for and furnished appellants at their special instance and request. It is wanting only in one averment to make an express promise, and that is, that appellants promised to pay the sum set out in the cross-petition. Such an averment would have made it unquestionably good under the provision of the code quoted, and if the allegations do not raise an *implied* promise to pay the sum alleged to be due, it is difficult.

to conceive what allegations would be sufficient for that purpose. The code of 1854, section 153, makes no provision for either an express or an implied promise. It reads: "Allegations of value, or of amount of damage, shall not be considered as true, by the failure to controvert them;" and yet it was held by this court in Harris v. Ray, 15 B. M., 630, construing the code of 1854, that in an action on a medical account, no proof of value, without denial, was necessary where the petition charged that the amount claimed was due and owing.

This opinion has never been expressly overruled, but there followed apparently conflicting decisions in cases *ex delicto*, and it is for this reason that the alteration was made in the language of the present code. The alteration, or change, if it means anything, means that a recovery may be had in any case whether *ex contractu ex delicto*, where there is either an express or an implied promise to pay the amount sought to be recovered. That it was intended to apply to both classes of cases is clear from the change in the language of the code of 1854, section 409: "If the taking of an account, or proof of a fact, or the assessment of damages is necessary to enable the court to pronounce judgment upon a failure to answer  *  *  *  the court may *  *  *  hear the proof, and in *actions founded on contract*, assess the damages." The present code omits the words, "founded on contract." Section 379, code, 1877.

If there could be any doubt as to the correctness of this construction, it is removed by the answer of appellants to the cross-petition. That answer admits that the work was done as charged, and that there had been

·due and owing therefor · the sum charged, and relies solely upon payment of that sum "·in full." The provisions of neither code has been or could be applied in ·any case where the charge of value or amount of damages is admitted in the answer,· as is substantially ·done in this case.

The next inquiry ·is as to whether appellants have paid· to ·Buckley, or for him, the sum sued for of :$1,177.40, and on that issue the burthen of proof is on appellants.

It appears that Buckley had a contract with appellants to furnish material and construct · for them a house. That on the third of January, 1882, a settlement was had under this contract, and for extra work ·done under that contract. A receipt was at the time executed by Buckley, which reads :. "Received of Mrs. Adaline Harris, ten thousand and sixty-two dollars and fifteen cents in full payment for contract and all extra work on. her building (on Main and St. Clair streets), ·except shelving. No claim to be· made by said Mrs. Harris for any unfinished work.          M. BUCKLEY."

"FRANKFORT, KY., January 3, 1882."

The evidence shows that the contract as ·to the shelving and counters was made subsequent to and independent of the contract to furnish material and erect ·the building.

There is no evidence of any payment made by appel-· lants subsequent to the settlement of January 3d, 1882. The principal reliance for evidence of payment on the ·contract for shelving and counters is, first, upon the fact that Buckley admits that he received $10,952.85 on ·the contract to build the house, while the receipt

quoted acknowledges only $10,062.15; and secondly, that a sum of $500 is claimed by Buckley as having been agreed to be paid as for bonus in obtaining the contract. The discrepancy between the receipt and the amount of money admitted to have been received by Buckley is explained in his evidence by receipts for the payment of certain claims and deductions made from charges made by him. But without this, the burthen of proof being on appellants, the receipt quoted, which is not attacked for fraud—neither is the settlement, should be a sufficient answer to, and explanation of, this apparent discrepancy. It expresses to be "in full payment for contract and all extra work * * * except shelving."

The proof of the agreement to pay the bonus of $500 seems to be sufficient. Buckley testifies expressly to the agreement—Harris as the fully authorized and acting agent for Mrs. Harris denies the agreement. D. L. Haly testifies that Harris told him he had agreed to pay this bonus. A fuller discussion of the evidence is considered unnecessary.

Judgment affirmed on the appeal as to all the parties; reversed on the cross-appeal of Buckley, with direction to enter judgment for Buckley for the sum of $1,177.40 with interest from the date of the filing of the cross-petition by Buckley, and for sale of the property described in the petition for the payment of the claims adjudged in the decree.